
Minute Order Form (rev 4/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 322 | **DATE** | 3/28/2002 |
| **CASE TITLE** | Bruce A. Hubert vs. Aventis Behring et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion of third-party defendant Correct Construction, Inc. to dismiss Count I of the defendant/third-party plaintiff Aventis Behring's third-party complaint [15-1].**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAR 2 8 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | IS | 24 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

02 MAR 28 PM 3:05
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. HUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AVENTIS BEHRING L.L.C., | ) | |
| (improperly named as CENTEON BIO- | ) | |
| SERVICES, INC., a corporation), | ) | |
| | ) | |
| Defendant/Third- | ) | |
| Party Plaintiff | ) No. 01 C 0322 |
| | ) | |
| v. | ) Wayne R. Andersen |
| | ) District Judge |
| CORRECT CONSTRUCTION, INC., a | ) | |
| corporation, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant | ) | |

DOCKETED
MAR 2 8 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the third-party defendant Correct Construction, Inc. ("Correct") to dismiss Count I of defendant/third-party plaintiff Aventis Behring's ("Aventis") complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, we grant the motion to dismiss.

## FACTS

Plaintiff Bruce A. Hubert brought suit against Aventis Behring, improperly named as Centeon, for injuries he allegedly sustained on May 11, 1999 while working as an independent contractor at Aventis' facility in Bradley, Illinois. Plaintiff alleges that Aventis was negligent in failing to provide him with safe equipment and in failing to supervise his work. At the time of his accident, plaintiff was an employee of third-party defendant Correct, a contractor hired by



Aventis to perform work at the Bradley, Illinois facility.

The contract between Aventis and Correct that was in effect at the time of the plaintiff's accident provided in relevant part:

> Contractor agrees to indemnify and hold Centeon [Aventis] and its affiliated companies and their officers, directors, and employees harmless from any loss or damage or claim of liability arising from . . . any injury to the person or property of employees of Contractor or his subcontractors or materialmen except where due to the sole negligence of Centeon [Aventis] or its employees; and as between Contractor and Centeon [Aventis], Contractor assumes sole responsibility for providing to his employees and the employees of his subcontractors a safe place to work (including inspection as to the safety of going upon any part of existing structures) and safe ladders, scaffolding and other equipment to work upon, and Contractor also agrees to indemnify and hold Centeon [Aventis] harmless against any claims for injury to any such employee for failure to so provide.

Pursuant to this contractual provision, Aventis requested that Correct indemnify and defend Aventis. Correct denied this request, and Aventis filed a third-party complaint against Correct seeking damages sufficient to satisfy its costs in defending against the plaintiff's claims, indemnification for any recovery by the plaintiff against Aventis, and contribution against Correct in an amount commensurate with the fault attributable to Correct under the Illinois Joint Tortfeasor Contribution Act if judgment is entered against Aventis.

## DISCUSSION

A motion to dismiss tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When ruling on a motion to dismiss, the court should take all well-pleaded factual allegations as true and construe them in the light most favorable to the non-moving party. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The court should not dismiss a claim unless it is clear that no relief could be granted under any set of facts consistent with the

2

allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Correct contends that Count I is brought under a theory of express contractual indemnity, which is unenforceable under the Construction Contract Indemnification for Negligence Act ("CCINA") because the CCINA prohibits a party to a construction agreement from obtaining indemnity for its own negligence. 740 ILCS 35/1, et seq. Aventis counters that the contractual provision at issue is valid and wholly enforceable under Illinois law because the agreement merely limits Correct's liability to losses stemming from its own fault.

The Illinois Supreme Court has previously stated that "as a matter of public policy, courts will not enforce promises to indemnify contained in construction contracts because their dominant aspect is the disincentive for the indemnitee to exercise care." Braye v. Archer-Daniels-Midland Co., 175 Ill.2d 201, 216-17 (1997). Although the Illinois Supreme Court in Braye v. Archer-Daniels-Midland Co. *did* uphold a contractual provision virtually identical to the clause at issue in this case, the Court upheld the provision pursuant to the Contribution Act. The Court noted that the parties "[were] presumed to know that indemnity promises are void in violation of public policy." Braye, 175 Ill.2d at 217. However, the Court construed the provision as a clause for contribution, instead of indemnification, and found the clause valid because "the third-party complaint expressly state[d] that it [sought] contribution pursuant to the Contribution Act." Id. The Illinois Supreme Court most likely preferred this approach because it "recognize[d] that a construction of a contract which renders the agreement enforceable rather than void is preferred. Id.

Several subsequent cases confirm this understanding of Braye. See, e.g., American Country Ins. Co. v. Kraemer Bros., 298 Ill.App.3d 805, 813 (1st Dist. 1998); Cooper v. Wal-Mart

3

Stores, 959 F. Supp. 964, 968 (C.D. Ill. 1997); and Christy-Foltz, Inc. v. Safety Mut. Cas. Corp., 309 Ill.App.3d 686, 690 (4th Dist. 2000). These cases describe Braye as a claim for contribution, not indemnification. Moreover, the rule that indemnification clauses are void under public policy was also reiterated in cases subsequent to Braye. See, e.g., Cooper, 959 F. Supp. at 968.

Here, as Correct points out, Count I of Aventis' complaint specifically requests indemnification pursuant to the contract between the parties, whereas Count II of the Aventis complaint seeks contribution. Specific claims for indemnification are unenforceable. Braye, 175 Ill.2d at 217. Still, a court should uphold a contractual provision if it can interpret the provision as something other than an indemnification clause. Id. This seems to be the approach that the Illinois Supreme Court required in Braye. We therefore dismiss the indemnification claim under the holding of Braye. Therefore, we grant the third-party defendant's motion to dismiss Count I of the third-party plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, we grant the motion of the third-party defendant Correct Construction, Inc. to dismiss Count I of the defendant/third-party plaintiff Aventis Behring's third-party complaint (#15-1).

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 28, 2002

4